**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 18-21301 (JJT) |
| | ) | | |
| AMANDA J. CONSTANT, | ) | | |
|     DEBTOR. | ) | CHAPTER | 13 |
| | ) | | |
| AMANDA J. CONSTANT, | ) | | |
|     MOVANT | ) | RE: ECF NOS. | 38, 39 |
| | ) | | |
| V. | ) | | |
| | ) | | |
| NISSAN INFINITI LT | ) | | |
|     RESPONDENT. | ) | | |

**ORDER SUSTAINING DEBTOR'S OBJECTION TO PROOF OF CLAIM 2-2**

I.    INTRODUCTION

Before the Court is the objection (the "Objection;" ECF No. 38) filed by the movant, Amanda J. Constant (the "Debtor"), to Proof of Claim 2-2 ("Claim 2-2"), the Amended Proof of Claim filed by Nissan Infinity LT ("Nissan"). Claim 2-2 arises from a lease agreement between the Debtor and Nissan for a 2018 Nissan Sentra (the "Lease"). The Debtor argues that it bears no contractual obligation for amounts claimed in Claim 2-2. Specifically, the Debtor argues that the Lease was rejected by operation of law because the Debtor did not assume the lease prior to confirmation of her Chapter 13 Plan. The Court held a hearing on the Objection on September 2, 2021 and took the matter under advisement (ECF No. 57). Having considered the evidence and the parties' arguments, the Court finds that Nissan failed to properly file its claim pursuant to Rule 3001(c)(2)(A) and failed to meet its burden of proof in responding to the Debtor's Objection. For the reasons explained below, the Objection is SUSTAINED.

II.    FACTS AND PROCEDURAL HISTORY

1.    The Debtor entered into her Lease on May 12, 2018. The Debtor filed a voluntary Chapter 13 petition about four months later on August 8, 2018 (ECF No. 1).

2.    On August 23, 2018, Nissan filed Proof of Claim 2-1 against the Debtor's estate asserting a claim in the amount of $8,913.90 allegedly secured by the Debtor's Vehicle. Nissan attached a copy of the Lease to its claim. Despite the parties' mutual initial characterizations of this agreement as a secured transaction, at the hearing, both counsel conceded that this was a true lease.

3.    The Debtor's Second Amended Chapter 13 Plan was confirmed on February 22, 2018 (ECF No. 22).

4.    Nissan filed an Amended Proof of Claim on June 16, 2021 asserting a claim in the amount of $2,004.53 (Claim 2-2). Nissan represented on the proof of claim form that the claimed amount included interest, fees and other charges. Nissan attached a copy of the Lease to its proof of claim. It also included a document labeled as "Exhibit A" with the following title: "Itemization of Amended Claim and Summary of Supporting Documents for Claim of Nissan - Infiniti LT." Exhibit A listed the total claim amount as an "Unsecured Deficiency Balance." Exhibit A did not contain an actual itemization of the claimed amount that indicated what portion consisted of interest, fees or other charges.

5.    The Debtor filed an Objection to Claim 2-2 on July 9, 2021 asserting that the Lease was rejected by operation of law pursuant to 11 U.S.C. § 365(d)(2) (ECF No. 38).

6.    Nissan filed its Response to the Debtor's Objection on July 22, 2021 asserting that the Lease was not expressly rejected in the Debtor's confirmed Plan ("Response;" ECF No. 39).

7.    The Court heard oral arguments on September 2, 2021 and took the matter under advisement (ECF No. 57).

III.    DISCUSSION

A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Unless a party in interest objects, it is deemed allowed. 11 U.S.C. § 502(a). An objection must be lodged in accordance with Fed. R. Bank. P. 3007. The objecting party must "produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Driscoll*, 379 B.R. 415, 420 (Bankr. D. Conn. 2008). "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant." *In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003).

As a preliminary matter, the Court notes that Nissan was not entitled to a presumption of *prima facie* validity because it failed to attach documentation to Claim 2-2 required by Rule 3001(c)(2)(A). Fed. Bankr. P. 3001(c)(2)(A). "Failure to attach the documentation required by Rule 3001 will result in the loss of the *prima facie* validity of the claim." *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010); *see also In re Porter*, 374 B.R. 471, 479 (Bankr. D. Conn. 2007) ("A proof of claim . . . does not qualify for that *prima facie* evidentiary effect if it is not executed and filed in accordance with the Bankruptcy Rules.").[1] Bankruptcy Rule 3001

---

[1]  Other courts in this Circuit analogize a creditor's proof of claim to a civil complaint, implicating the pleading requirements under the Federal Rules of Civil Procedure. "In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure . . . . Rule 8(a)(2) . . . requires 'a short and plain statement of the claim showing that the pleader is entitled to relief . . . . While the Claim 'does not need detailed factual allegations, . . . [it] requires more than labels and conclusions . . . . The Claimant must assert 'enough facts to state a claim to relief that is plausible on its face . . . ." *In re DJK Residential LLC*, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) (alteration in

generally sets forth the requirements for filing a proof of claim. Rule 3001(c)(1) states, in relevant part, that "when a claim . . . is based on a writing, a copy of the writing shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(c)(1). In a case where the debtor is an individual, Bankruptcy Rule 3001(c)(2)(A) requires that the claimant file an itemized statement with the proof of claim if, in addition to its principal amount, a claim includes "interest, fees, expenses, or other charges incurred before the petition was filed." Fed. R. Bankr. P. 3001(c)(2)(A).

When Nissan filed its amended proof of claim, it checked the box for "Yes" in Part 2, Section 7 of Official Form 410 to indicate that the amount of the claim included interest or other charges. In its Response, Nissan stated that the amounts in Claim 2-2 arose from taxes, fees, and a partial missed payment. At the hearing, Nissan stated that the amount of the claim included property taxes and other charges incurred before the Lease expired.[2] Nissan's Exhibit A, however, merely identifies the total amount of the claim as an "Unsecured Deficiency Balance." Exhibit A indicates that the claimed amount does not include accrued unpaid interest or late charges but it does not include an itemization of property taxes, charges for mileage overage, or other fees.

As such, the Court is not persuaded that Claim 2-2 raises the presumption of *prima facie* validity because it does not comply with the requirements set forth above. *See In re Porter*, 374 B.R. at 484 (finding claim lacked *prima facie* evidence of validity and amount when claim attached an itemized statement that did not accurately indicate the amount of interest and fees

---

original) (citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To show facial plausibility, the Claimant must plead 'factual content that allows the court to draw the reasonable inference that the [Debtor] is liable for the misconduct alleged.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] It is not clear whether these taxes and other charges were incurred pre- or post-petition, or both.

owed on the claim); *Maddux v. Midland Credit Mgmt., Inc.*, 567 B.R. 489 (Bankr. E.D. Va. 2016) (finding claim lacked *prima facie* evidence of validity and amount when claim attached an itemized statement that did not accurately indicate the amount of interest and fees owed on the claim); *but see In re Ferguson*, No. 17 CIV. 2051 (PAE), 2018 WL 9963877, at *5 (S.D.N.Y. Mar. 27, 2018) (finding claim entitled to presumption of *prima facie* validity because claim complied with Bankruptcy Rules by including an appropriately detailed itemized statement of interest, fees, expenses, or other charges).

In addition to Nissan's failure to properly file its claim, the Court also finds, in response to the uncontroverted facts advanced by the Debtor, that Nissan has failed to meet its burden of proof. In its Objection, the Debtor argues that the Lease was rejected by operation of law pursuant to 11 U.S.C. § 365(d)(2) because the Debtor did not assume the Lease prior to confirmation of her Plan. The Debtor also asserted that she believed the amounts claimed in Claim 2-2 were attributable to mileage overages that arose after the date of confirmation (*i.e.*, after the Lease was rejected by operation of law) and therefore had no contractual obligation to pay the amount due.

Debtor's Objection squarely challenges the legal sufficiency of Claim 2-2 by refuting the existence of a contractual obligation that would bind her to pay the amount due. *See In re Friedberg*, No. 08-51245 AHWS, 2012 WL 966940, at *3 (Bankr. D. Conn. Mar. 21, 2012) (finding trustee's objection persuasive enough to shift burden back to creditor after trustee pointed to non-recourse language in mortgage and promissory note). Thus, her objection was sufficient to rebut Nissan's purported presumption of *prima facie* validity and shift the burden back to Nissan, requiring it to prove the validity and amount of its claim by a preponderance of the evidence.

In its Response, Nissan argued that § 365(d)(2) only gave the trustee the opportunity to assume or reject a lease through confirmation. Furthermore, it argued that the Debtor had continued paying the lease amount and maintained use of the Vehicle after confirmation and through the expiration of the Lease, which, in addition to the fact that Debtor listed the payment of the lease amount in her Schedule I, indicated an intent to retain the Lease. Notably absent, however, was a supporting affidavit that would substantiate the amount of Claim 2-2 or otherwise assist Nissan in meeting its burden of proof. At the subsequent hearing, Nissan advanced contradictory arguments by arguing on the one hand that the Lease was a true lease that was not expressly rejected and, on the other, that it was a security agreement that required the Debtor to keep current on her property taxes. The Court is dissatisfied with Nissan's inconsistent arguments. Moreover, Nissan failed to provide any additional evidence at the hearing that would prove the validity and amount of its claim by a preponderance of the evidence. Nissan, therefore, fell short of meeting its burden of proof with regard to Claim 2-2.

IV.    CONCLUSION

Nissan's claim was not entitled to a presumption of *prima facie* validity because it failed to attach an itemized statement of interest, fees, and other charges to its proof of claim. Furthermore, Nissan failed to produce sufficient evidence to prove the validity and amount of its claim both in its Response to Debtor's Objection and at the subsequent hearing. Accordingly, having found that Nissan has failed to meet its burden of proof and persuasion, the Debtor's Objection is SUSTAINED.

**IT IS SO ADJUDGED, ORDERED AND DECREED** at Hartford, Connecticut this 20th day of September 2021.

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*